**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

NATALIE WILLIS                                                              PLAINTIFF

V.                                    4:09CV00490 JMM

DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT, ET AL                                    DEFENDANTS

<u>ORDER</u>

Pending are the following motions filed by the Plaintiff: 1) motion to strike; 2) motions to set aside state court judgment; and 3) motion to produce record.  Defendants Wilson & Associates, PLLC ("Wilson & Associates"), STS Realty and Auction LLC (STS), and C&L Service Corporation/Morris-Griffin Corporation (C&L) have filed a motion for summary judgment of Plaintiff's claims against them.  The Department of Housing and Urban Development ("HUD") has filed a motion to dismiss, or in the alternative, motion for summary judgment of the claims made against it.  Defendants Sandra E. Love and the Freddye M. Norwood Trust (the "Trust") have not made an appearance in this Court.  For the reasons set forth below, the motions for summary judgment are GRANTED.   The Plaintiff's motions are MOOT.

I. <u>Facts</u>

HUD awarded its national loan servicing contract to C&L on or about December 10, 2007.  As the national single family loan servicing contractor, C&L is responsible for Federal Housing Administration ("FHA") single family secretary-held assets, including assigned home equity conversion mortgages ("HECM").  (Aff. Of Lisa Simms at p. 2).  An HECM is commonly referred to as a reverse mortgage.  Under a reverse mortgage, a senior homeowner can convert the equity in their home into a monthly stream of income and/or line of credit.  Unlike ordinary

home equity loans, an FHA-insured HECM does not require repayment as long as the home is the borrower's principal residence.  In other words, the mortgage becomes due and payable in full, upon the death of the borrower.  *See* 24 C.F.R. § 206.27(c)(1).  Pursuant to the terms of the HECM, the mortgagee must provide a written certification of his principal residence to the mortgagor annually and the certification must include the following warning above the signature line: WARNING: "Section 1001 of Title 18 of the United States Code makes it a criminal offense to make a willfully false statement or misrepresentation to any department or agency of the United States government as to any matter within its jurisdiction."  (Aff. of Lisa Simms at p. 3-4).

Plaintiff's mother, Freddye M. Norwood, executed an adjustable rate home equity conversion deed of trust and adjustable rate note on June 5, 2003 in favor of Wells Fargo Home Mortgage, encumbering the property commonly known as 7314 Hidden Valley Road, Little Rock, Arkansas 72223.  In accordance with the program rules and regulations, as well as the terms of the deed of trust, Ms. Norwood also executed a second deed of trust on June 5, 2003, in favor of the Secretary of HUD.  As authorized under the assignment option permitted under the applicable statutory and regulatory provisions, Wells Fargo subsequently assigned the deed of trust and note to the Secretary of HUD on December 8, 2005.  *Id*. at p. 4-5.

As the national single family loan servicing contractor responsible for FHA single family secretary-held assets, C&L was responsible for servicing the HECM loan on the subject property.  C&L sought and obtained signed annual certifications of occupancy purporting to have been signed by the mortgagor, Ms. Norwood, dated 5/9/2005; 6/8/2006; 6/19/2007; and 7/29/2008.  When no response had been received by 8/2/2008, C&L contacted a commercial

search firm that matched loan files against a Social Security database of death records and found that Ms. Norwood had died on 11/12/2006. *Id.* at p. 5.

Immediately upon discovering that the death of Ms. Norwood had not been timely disclosed to them by her estate or heirs, C&L notified HUD. C&L then issued a Repayment Notice to the Trust. The Notice was sent on 8/2/2008. On 8/18/2008, Plaintiff contacted C&L to discuss repayment options. C&L also received a letter dated 8/25/2008, from Sandra Love as the purported Trustee of the Freddye M. Norwood Trust. The letter advised of the following: Plaintiff was the borrower's daughter and had been her care giver; that Plaintiff continued to reside at the subject property; that Plaintiff was the beneficiary of the property under the Trust and desired to retain the property; and, that Plaintiff sought 90 days to arrange the payment of the debt. *Id.* at p. 6.

On October 28, 2008, C&L requested approval to foreclose. Wilson & Associates had previously been designated as Foreclosure Commissioner for the State of Arkansas on July 25, 2008, pursuant to the Single Family Mortgage Foreclosure Act of 1994. On 11/6/2008, a Notice of Intent to Foreclose was sent to the Trust, and on 11/18/2008, Plaintiff contacted C&L in response to the Notice. Thereafter, on 11/21/2008, Plaintiff responded in writing and advised that she intended to pay the debt through a "conventional or hard money loan." Plaintiff also requested that she be able to remain on the property until all issues were resolved and requested an additional extension until 2/15/2009. *Id.* at p. 7.

On 11/24/2008, HUD determined that it would not grant any further extensions because the HECM borrower had been deceased for over two years and there appeared to have been fraudulent occupancy certificates signed since the borrower's death. Moreover, under normal

circumstances, the total period of extensions, when granted, may not exceed 12 months from the date of death. *Id.*

Both Wilson & Associates and C&L were authorized and appointed for and on behalf of the Secretary. Wilson & Associates and C&L initiated a nonjudicial foreclosure by issuing a Trustee Notice of Default and Intention to Sell, dated December 22, 2008, and served via certified and regular mail on the Trust of Freddye M. Norwood, the unknown heirs of Freddye M. Norwood and the tenants of the property. The sale set for February 24, 2009 was subsequently postponed. Thereafter, a second Notice of Default and Intent to Sell rescheduled the date of the foreclosure sale for June 9, 2009. As a result of the litigation filed by Plaintiff in the Circuit Court of Pulaski County, the date of the sale was again postponed to July 7, 2009 to allow for the State Court to rule on a pending motion for summary judgment. A foreclosure sale has not yet been completed. *Id.* at p. 8.

As stated, Plaintiff filed suit in state court alleging the following: 1) that C&L was prevented from initiating a foreclosure because it was not properly registered under Arkansas Code Section 18-50-117 and 23-39-501, *et seq.*; 2) that C&L was not the real party in interest pursuant to Rule 17 of the Arkansas Rules of Civil Procedure; 3) that C&L could not foreclose because it failed to comply with 24 C.F.R. 203.355; 4) that C&L was not properly appointed as an agent of HUD; 5) that notice of the foreclosure was not properly perfected or given to the correct parties; 6) that Wilson was not properly appointed to act on behalf of C&L or HUD to initiate foreclosure; and 7) that Plaintiff was entitled to injunctive relief against the foreclosure of the property. In response to the original, amended, first and second amended complaints, C&L filed a motion for summary judgment addressing all claims set forth by Plaintiff. The

Pulaski County Circuit Court held a hearing on Defendant's motion on June 30, 2009, at which time both Plaintiff and C&L were given an opportunity to argue the motion.  At the conclusion of the hearing, the court ruled in favor of C&L granting its motion for summary judgment. (Trans. Of June 30, 2009 hearing at Docket # 10-2).

Plaintiff filed a Third Amended Complaint on June 5, 2009 and a Fourth Amended Complaint on July 6, 2009.  On July 10, 2009, HUD removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1).

In the Motion for Summary Judgment, C&L contends that the claims against it are barred by res judicata.  STS contends that Plaintiff has failed to state facts or law to support a claim against it.  Defendant Wilson & Associates argues that most of Plaintiff's claims against it are barred by res judicata and the remaining claims are without merit.  In the Motion for Summary Judgment filed by Defendants Shaun Donovan, Secretary United States Department of Housing and Urban Development and the United States (the "Federal Defendants"), the Federal Defendants claim that the Court does not have subject matter jurisdiction over the claims, that the Plaintiff has failed to state a claim for which relief may be granted, and that Plaintiff's claims are barred by res judicata.  In response to the motions, Plaintiff asks the Court to strike the order entered in Circuit Court granting summary judgment in favor of C&L.

Further, Plaintiff argues that the motions for summary judgment are premature at this point in the litigation.  Rule 56(b) of the Federal Rules of Civil Procedure provides that a defending party "may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim."  Fed. R. Civ. P. 56(b).  Plaintiff's contention that the motions are premature is without merit.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the

6

outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Discussion of the Law

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). "The limitations imposed by Article III are usually referred to as the 'case or controversy' requirement." *Schanou v. Lancaster County Sch. Dist. No. 160*, 62 F.3d 1040, 1042 (8th Cir. 1995)(quoting *Arkansas AFL-CIO v. FCC*, 11 F.3d 1430, 1435 (8th Cir. 1993)(en banc)); *see also Valley Forge Christian College v. Americans United for Separation of Church & State, Inc*., 454 U.S. 464, 471 (1982) ("Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'") The Eighth Circuit defines "case or controversy" to require "a definite and concrete controversy involving adverse legal interests at every stage in the litigation." *McFarlin v. Newport Special Sch. Dist*., 980 F.2d 1208, 1210 (8th Cir. 1992). "Federal courts must always satisfy themselves that this requirement has been met before reaching the merits of a case. Courts employ a number of doctrines to determine justiciability such as standing, ripeness, and mootness." *Zanders v. Swanson,* 573 F.3d 591, 593 (8th Cir. 2009)(quoting *Gray v. City of Valley Park*, 567 F.3d 976, 982-83 (8th Cir. 2009).

To establish constitutional standing "the plaintiff must show that it has suffered an 'injury in fact' that is: concrete and particularized and actual or imminent; fairly traceable to the challenged action of the defendant; and likely to be redressed by a favorable decision." *United*

*States v. United Sec. Sav. Bank*, 394 F.3d 564, 567 (8th Cir. 2004)(per curiam)(citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Plaintiff's mother, Freddye M. Norwood, and Wells Fargo Mortgage, Inc. were parties to the HECM deed of trust and note. Wells Fargo Mortgage, succeeded by Wells Fargo Bank, assigned the HECM deed of trust and note to HUD. Thereafter, Freddye M. Norwood and HUD were parties to the HECM deed of trust and note. Freddye M. Norwood also executed a second note and deed of trust in favor of the Secretary of HUD. Again, Freddye M. Norwood and HUD were parties to the second deed of trust and note. It is undisputed that Plaintiff was not, and is not, a party to any of the loan documents at issue.

Plaintiff may have an injury in fact. She is facing foreclosure of the real property bequeathed to her by her mother. However, this injury is not traceable to the actions of the Federal Defendants. If there is an injury it is traceable to the Trust and Trustee's failure to pay the mortgage debt as allegedly required under Freddye M. Norwood's will. (Complaint at Count VIII, para 114-121). Plaintiff has no interest in the HECM deeds of trust or notes because she is not a party to the agreements. The HECM program specifically states that a Mortgagor "does not include successors or assigns of a borrower." 24 C.F.R. § 206.3. Therefore, the likelihood of a favorable decision on Plaintiff's allegations regarding the loan against the Federal Defendants is extremely low. Thus, the Court finds that Plaintiff does not have standing to pursue this action against the Federal Defendants.

Plaintiff's allegations against C&L are based upon C&L's position as the national single family loan servicing contractor. Again, Plaintiff is not a party to the HECM deeds of trust or notes. Her alleged injury is not traceable to the actions of C&L, and the likelihood of a favorable

decision regarding Plaintiff's claims against C&L are nonexistent.  *See* Trans. of June 30, 2009 Hearing before Judge Ellen Brantley.[1]  The Court finds that Plaintiff does not have standing to pursue this action against C&L.

Plaintiff's allegations against Defendant Wilson & Associates, and its agent STS, are derivative of her claims against C&L and the Federal Defendants.  Plaintiff makes various claims about the improper procedure followed by these defendants in effectuating a non-judicial foreclosure.  For the reasons stated above, the Court finds that Plaintiff does not have standing to pursue this action against Wilson & Associates or its agent STS.

Moreover,  "[i]n Arkansas, for conduct in connection with professional services, an attorney enjoys immunity from actions brought by persons not in privity."  *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1247 (8th Cir. 2006)(citing *Fleming v. Cox Law Firm*, 210 S.W.3d 866 (Ark. 2005); Ark. Code Ann. §§ 16-22-310, 16-114-303).  Plaintiff is not in privity of contract with Wilson & Associates for professional services rendered.  Plaintiff has not pled fraud or intentional misrepresentation that might render Wilson & Associates liable to suit.  *Id.*  Even if Plaintiff had standing to sue these Defendants, Plaintiff has failed to state a claim against them.

---

[1] On June 30, 2009, Judge Ellen Brantley granted summary judgment in favor of C&L in Plaintiff's case stating that there was nothing improper about the foreclosure on the subject property.  Plaintiff was given an opportunity to respond to C&L's motion in open court.  Judge Brantley asked Plaintiff why she thought the Defendants did not have the authority to foreclose.  Plaintiff responded that it was not what her mother intended.  (Hearing Trans. at p. 14).  Judge Brantley recommended to Plaintiff that she try to get the Trustee of her mother's estate to pay the mortgage.  Judge Brantley then granted summary judgment in favor of C&L.  "After removal, . . . state court orders remain in effect but 'federal rather than state law governs the future course of proceedings.'"  *Palmisano v. Allina Health Systems, Inc.,* 190 F.3d 881, 885 (8th Cir. 1999)(quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 437, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974)).

As for the remaining defendants, the Trust and Ms. Love, it appears Plaintiff may have stated cognizable claims against them.  However, the claims, if any, are not based upon a federal question and the parties are not diverse.  Therefore, the Court does not have federal question or diversity jurisdiction over Plaintiff's claims against the Trust and Ms. Love.  The Court further declines to exercise supplemental jurisdiction over the claims and remands this portion of the case to the circuit court.

Conclusion

In conclusion, the Court finds that the Plaintiff does not have standing to pursue her claims against the Federal Defendants, C&L, Wilson & Associates, or STS.  Therefore, the Court does not have jurisdiction over those claims.  Further, the Court declines to exercise supplemental jurisdiction over Plaintiff's claims against the Freddye M. Norwood Trust or its Trustee, Sandra E. Love.  This portion of the case is remanded to the Circuit Court of Pulaski County.

The motions for summary judgment (Docket # 21, #30) are GRANTED.  Plaintiff's Motion to Strike (Docket # 11), Motion to Produce (Docket # 24) and Motions to Set Aside (Docket # 25, 33) are DENIED.  The Clerk is directed to close the case.  The Clerk is further directed to send the file to the Clerk of the Circuit Court of Pulaski County forthwith.

IT IS SO ORDERED this 1st day of October, 2009.


James M. Moody
United States District Judge